**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 01-11277
Summary Calendar

_____

DAVID J. TEMPLE,

Plaintiff-Appellant,

versus

AMERICAN AIRLINES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas
(No. 99-CV-2289)
_____
April 26, 2002

Before DAVIS, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM[*]:

David Temple ("Temple"), a pilot hired by American Airlines, Inc. ("American"), sued for damages after American terminated his employment. Temple subsequently sought leave to amend his complaint to assert fraud and negligent misrepresentation claims against American in addition to his original claims. The magistrate judge denied leave to amend the complaint on both claims and granted American's motion for summary judgment.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. Facts and Proceedings

Temple was a pilot for American Eagle Airlines, Inc. who applied for a position as a pilot with American. Temple learned that American had a practice of allowing newly hired pilots with enough seniority to train on the F-100 aircraft, a two engine craft, as opposed to the 727, a three engine craft to which new pilots were automatically assigned. Temple was missing several fingers on his left hand and found American's policy desirable as the F-100 aircraft would be easier to manipulate given his disability. According to Temple, it was this policy which caused him to accept employment with American. Once Temple commenced employment with American he was assigned to the F-100 aircraft. However, a union dispute forced American to discontinue its policy of assigning new hires to the F-100, and American re-assigned Temple to the 727 aircraft.

As part of the training, Temple was required to take an oral exam which he failed. When questioned, Temple explained that his brother-in-law had become gravely ill. Temple requested leave to attend to his family and was given the requested leave. Upon return, Temple was allowed to take the exam a second time and passed. Temple was also required to take a simulator check ride which he also failed. After remedial training was given, the test was administered again, but Temple was again unable to pass. Temple's brother-in-law subsequently died, and Temple requested leave to attend the funeral which was granted. However, upon his

2

return from leave, Temple was terminated for failure to meet American's performance standards.

Temple initially filed suit under the FMLA, the ADA, as well as alleging promissory estoppel. Temple subsequently sought leave to amend the complaint to add claims of fraud and negligent misrepresentation arising out of his hire with American. The magistrate judge refused to allow an amendment to assert the negligent misrepresentation claim as time barred and also held that it was not subject to the relation back doctrine under Fed.R.Civ.P. 15. The magistrate judge did permit Temple to more adequately plead the fraud claim but subsequently held that he failed to meet the pleading requirements of Rule 9(b). The court then granted American's motion for summary judgment as to all of Temple's claims.[1] Temple appealed both the grant of summary judgment and the denial of leave to amend his complaint.

## II. Discussion

After reviewing the record and relevant case law, we conclude that the magistrate judge did not err in refusing to allow Temple to amend his complaint nor in granting summary judgment to American.

### A. Leave to Amend

---

[1] Temple did not oppose summary judgment as to the FMLA and the ADA claims. The only claim before the court for summary judgment is the promissory estoppel claim.

3

### 1.  Negligent Misrepresentation

A court's decision to grant or deny leave to amend is reviewed for abuse of discretion.  *See* Fed.R.Civ.P. 15; Dole v. Fireworks, 889 F.2d 543, 547 (5th Cir. 1989).  Temple's misrepresentation claim was time barred and did not relate back to the initial complaint.  The claim allegedly arose out of statements made prior to and immediately after Temple's hire by American.  "An amendment of a pleading relates back to the date of the original pleading when ... the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c)(2).  The allegations in Temple's original complaint relate to his termination.  The negligent misrepresentation claim arose before or at the time Temple was hired.  The district court did not abuse its discretion in denying Temple's motion for leave to amend.  *See* F.D.I.C. v. Conner, 20 F.3d 1376, 1385-86 (5th Cir. 1994); In Re Costal Plains, Inc., 179 F.3d 197, 215-16 (5th Cir. 1999).

### 2.  Fraud

The magistrate judge refused to grant Temple leave to amend his complaint to add the fraud claim for failure to comply with the requirements of Fed.R.Civ.P. 9(b).  The court denied the motion without prejudice, granting Temple another chance to sufficiently plead the fraud claim.  The magistrate judge concluded, after a second attempt at pleading the fraud claim, that Temple failed to

4

meet the particularity requirements of Rule 9(b). This circuit requires a claim of fraud to include the time, place, and contents of the alleged false statements in addition to the identity of those who made the statements and the information obtained therefrom. <u>Williams v. WMX Technologies, Inc.</u>, 112 F.3d 175,177 (5th Cir. 1997). The magistrate judge did not abuse its discretion in concluding that Temple failed to meet the pleading requirements required by this circuit for fraud claims. There was no material misrepresentation or false statements made by American representatives. Temple was informed that he would be able to train on the F-100 aircraft and began doing so. It was not until after American hired Temple and allowed him to begin training on the F-100, that circumstances changed precluding the possibility of training on the F-100 due to union negotiations. Temple was aware of the negotiations. A change in circumstance does not equate to a material representation. *See* <u>Hamilton v. Segue Software, Inc.</u>, 232 F.3d 473, 480 (5th Cir. 2000).

B. Motion for Summary Judgment

The district court's grant of summary judgment is reviewed de novo. *See* <u>Dorn v. Int'l Brotherhood of Elec. Workers</u>, 211 F.3d 938, 946 (5th Cir. 2000). Reviewing the facts in a light most favorable to Temple, we conclude that the magistrate judge did not err in granting summary judgment.

Temple argues that there was a material issue of fact with

5

respect to the estoppel claim. Promissory estoppel has four elements under Texas law: "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment .... [and (4) ] a definite finding that injustice can be avoided only by the enforcement of the promise." Zenor v. El Paso Healthcare System, Ltd., 176 F.3d 847,864 (5th Cir. 1999), *citing* Clardy Manufacturing Co. v. Marine Midland Business Loans, Inc., 88 F.3d 347, 360 (5th Cir. 1996). First and foremost in a claim of promissory estoppel, there must be a promise. The magistrate judge concluded and American contends on appeal that there was no promise. We agree. The fact that Temple was allowed leave to attend to his family does not constitute a promise that no adverse employment would be taken against him for taking such leave. Temple indicated that, while he did not think taking leave would result in his termination, he did not consider what effect his leave would have on his absences.

Temple was fired for failure to meet American's performance requirements. The fact that this decision was made after Temple returned from leave does not necessitate a finding that he was fired for taking leave.

AFFIRMED.